IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAROLD DAVID CRUISE,           :

      **Plaintiff,**           :

vs.                            :   CIVIL ACTION NO. 19-00256-CG-B

BENJAMIN H. BROOKS, III, *et.al.,*:

      **Defendants.**           :

### REPORT AND RECOMMENDATION

This action, which was filed by Harold David Cruise, an Alabama state inmate, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. Upon review, it is recommended that this action be dismissed due to Plaintiff's failure to prosecute and comply with the Court's order.

Plaintiff filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). Upon review of Plaintiff's complaint, the Court issued an order dated June 5, 2019 advising Plaintiff that his complaint was not on the form required by the Court. (Doc. 2). The Court also advised that the complaint, as drafted, was deficient. Plaintiff was directed to file an amended complaint on the correct form for prisoner 1983 actions by July 3, 2019. (Id.). Plaintiff was further directed to pay the statutory filing fee by July 3, 2019,

or in lieu thereof, file a motion to proceed without prepayment of fees on the form required by the Court July 3, 2019. (Id.) The Clerk was directed to send a copy of the Court's order, along with the form for 1983 prisoner complaints, and the form for motions to proceed without prepayment of fees to Plaintiff. (Id.). Plaintiff filed an amended complaint on June 27, 2019 (doc. 3); however he has not paid the statutory filing fee, or filed a motion to proceed without prepayment of fees.

Due to Plaintiff's failure to comply with the Court's Order directing him to pay the filing fee, or file a motion to proceed without prepayment of fees, and upon consideration of the alternatives available to the Court, the undersigned recommends that this action be dismissed without prejudice through the Court's inherent power. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F. 2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115

L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

If Plaintiff disputes the Court's finding of failure to pay the statutory filing fee or file a motion to proceed without prepayment of fees and desires to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay the filing fee and failure to file a motion to proceed without prepayment of fees. Wilson, 414 F.3d at 1320 (citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee)).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P. 72(b)**; S.D. ALA. GenLR 72(c). The parties should note that under

Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **12th** day of **July, 2019.**

                                         **/S/SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**